# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Gary L.,[1]

Plaintiff,

v.

Frank Bisignano, *Commissioner of Social Security*

Defendant.

Case No. 24-cv-3955-EMB

**ORDER**

Plaintiff Gary L. seeks judicial review of the final administrative decision of the Commissioner of Social Security denying his application for Title XVI Supplemental Security Income ("SSI") benefits.  The matter is before me for disposition pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c).  I have reviewed the administrative record (Dkt. No. 7), Plaintiff's brief (Dkt. No. 12), and the Commissioner's motion and brief (Dkt. Nos. 15, 16).  *See* R. Supp. R. for Social Security Actions under 42 U.S.C. § 405(g), R. 5.  For the following reasons, Plaintiff's brief is DENIED, the Commissioner's motion is GRANTED, and the complaint (Dkt. No. 1) is DISMISSED with prejudice.

---

[1] This District has adopted a policy of using only the first name and last initial of any non-governmental parties on orders in Social Security matters.

## I.    Background

### a. Prior Proceedings

Plaintiff Gary L. filed an application for SSI benefits.  *See* (Admin R. at 211.)[2]  That application was denied initially and on reconsideration.  (*Id.* at 119, 133.)  An administrative law judge ("ALJ") held a hearing and issued an unfavorable decision.  (*Id.* at 16–24, 29–62.)

Plaintiff then filed an action in federal court seeking review of that decision.  *See Lange v. Kijakazi*, Case No. 23-cv-17 (KMM/ECW) (D. Minn.).  Magistrate Judge Elizabeth Cowan Wright issued a report recommending the action be remanded for two reasons—first to resolve the following inconsistency:

> However, given that the ALJ claimed in his decision that the limitations imposed by the state agency psychologists did not go far enough, the fact that the ALJ did not include any restriction as to the quality of contact (superficial or some greater restriction) with Plaintiff's supervisors or co-workers, not just the duration of those contacts, remand is warranted to further address the evidence in the record as to this issue and clarify the RFC in this regard.

(Admin. R. at 642.)  Second, Judge Wright recommended remand so the ALJ could reconsider the supportability and consistency of the medical opinion of psychiatric nurse practitioner Jenny Bliss.  (*Id.* at 649–51.)  District Judge

---

[2] Citations to the administrative record reference the Bates numbers at the bottom of each page, while citations to the parties' briefs reference the CM/ECF pagination.

Katherine Menendez summarily adopted the report and recommendation and remanded the action.  (*Id.* at 654–55.)

### b. Current Proceedings

After remand, the Appeals Council ("AC") issued an order sending the case back to the ALJ. (Admin. R. at 658–62.)  The AC ordered the ALJ to consolidate Plaintiff's claim files (Plaintiff had filed a separate claim in the interim), associate the evidence, and issue a new decision on the consolidated claims.  (*Id.* at 660.)

On remand, the ALJ held a July 12, 2024 telephonic hearing.  (Admin. R. at 539–89.)  Plaintiff and vocational expert ("VE") Glee Ann Kehr testified at the hearing.  (*Id.* at 539.)  The ALJ issued his unfavorable decision on August 5, 2024.  (*Id.* at 518–31.)  He did so after conducting the familiar five-step evaluation set forth in 20 C.F.R. § 416.920(a)(4) to determine whether Plaintiff qualified as disabled under the Social Security Act.  Although the ALJ found severe impairments for bipolar disorder, posttraumatic stress disorder, and primary insomnia at step two, he ultimately concluded the Plaintiff was not disabled. *See*, 20 C.F.R. § 416.920(a)(4)(v). I focus only on the disputed steps.

The only portion of the ALJ's analysis at issue is his determination of the Plaintiff's residual functional capacity ("RFC"), which is determined as a precursor to steps four and five.

Here, the ALJ concluded Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels. (Admin. R. at 524.)  But the ALJ included the following nonexertional limitations:

> The claimant is limited to simple, routine and repetitive tasks that are not performed at a fast production rate pace, such as that found in an assembly-line work. He can have occasional interactions with co-workers and supervisor, where the individual's primary job is taking instructions from supervisors and performing tasks consistent with those instructions. He cannot work around crowds of people where the primary task of the job would not involve direct communication with the public, such as in customer service and cashiering positions.

(*Id.*)

Based on this RFC, the ALJ determined Plaintiff was unable to perform any past relevant work.  (Admin. R. at 529.)  The burden then shifted to the Commissioner to establish that Plaintiff, in light of the determined RFC, could perform other work existing in a significant number of jobs in the national economy. 20 C.F.R. § 416.920(a)(4)(v); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  The ALJ considered Plaintiff's RFC, age, education, and work history and determined he could perform other work, including as a laundry worker, store laborer, and industrial cleaner. (Admin. R. at 529–30.)  Accordingly, the ALJ found Plaintiff was not disabled under the Social Security Act.  (*Id.* at 531.)  Plaintiff then filed this action seeking judicial review of the ALJ's decision, pursuant to 42 U.S.C. § 405(g).

4

## II.   Standard of Review

Judicial review of the ALJ's decision is limited to determining whether the ALJ legally erred, *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1089 (8th Cir. 2018), or whether "substantial evidence on the record as a whole" supported the decision, *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . is more than a mere scintilla." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted).

The Court must examine the entire administrative record, including both evidence that detracts from the ALJ's decision and evidence that supports it. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). Remand is required if the ALJ's opinion contains factual findings that, "considered in light of the record as a whole, are insufficient to permit [the] Court to conclude that substantial evidence supports the Commissioner's decision." *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008). If the record would permit the Court to draw two different conclusions from the evidence, and one of those conclusions is the same as the ALJ's, the Court must affirm. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992); *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012).

5

### III.   Analysis

Plaintiff's sole challenge involves the ALJ's determination of his RFC. Specifically, he claims the ALJ legally erred by "reject[ing] the limitation to 'brief, superficial and infrequent interactions' as being 'not vocationally defined, and thus, does not adequately articulate the limitation for use in a residual functional capacity assessment.'" (Pl. Br. at 12 (quoting Admin. R. at 528).)

The RFC represents the most that a claimant can do despite his limitations.  20 C.F.R. § 416.945.  The RFC determination "must be 'based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations.'"  *LeeAnthony C. v. Berryhill*, 18-CV-77 (NEB/TNL), 2019 WL 2343732, at *3 (D. Minn. May 13, 2019) (quoting *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013)), *report and recommendation adopted,* 2019 WL 2341688 (D. Minn. June 3, 2019).  When formulating an RFC, the ALJ is not required to "us[e] the specific limitations or wording suggested by medical experts, so long as the RFC appropriately accounts for those limitations." *Julie P. v. O'Malley*, 23-CV-2980 (LMP/ECW), 2024 WL 4880375, at *2 (D. Minn. Nov. 25, 2024) (citing *Lane v. O'Malley*, No. 23-1432, 2024 WL 302395, at *1 (8th Cir. Jan. 26, 2024)).

In determining Plaintiff's RFC, the ALJ found two state agency psychologists' prior administrative findings to be partially persuasive. (Admin. R. at 528 (citing *id.* at 94–101, 103–10).)  As is relevant here, Dr. Mary Sullivan opined that Plaintiff had the following social interaction capacities and limitations:

> [Plaintiff] retains the capacity to handle brief, infrequent and superficial contact with the general public, co-workers and supervisors. SAPC: Ability to handle supervision would be reduced secondary to some conflicted reactions to authority, but in the context of reasonably supportive, non-over-the-shoulder supervision, would be adequate to handle ordinary levels of supervision found in most customary work settings.

(*Id.* at 99.)  With respect to Plaintiff's sustained concentration and persistence capacities, Dr. Sullivan opined he could "carry out routine, repetitive and 3–4 step tasks with adequate persistence and pace."  (*Id.*)  Dr. Jeffrey Boyd, a second psychologist, articulated identical limitations.  (*See id.* at 108–09.)

In his opinion, the ALJ noted that certain terms used in those administrative findings were not vocationally defined and therefore didn't adequately articulate the limitation for use in an RFC assessment.  (Admin. R. at 528.)  The ALJ specifically mentioned the terms "3–4 step tasks," "brief, superficial and infrequent interactions," and "reduced supervision but adequate for ordinary levels of supervision found in most customary work settings."  (*Id.*)  The ALJ therefore found the opinions of Dr. Boyd and Dr.

Sullivan "persuasive only insofar as they indicate that there are indeed limitations in the areas of: understanding, remembering and applying information; interacting with others; concentrating, persisting and maintaining pace; and adapting and managing oneself." (*Id.* at 528.) The ALJ further recognized that the undefined terms "suggest limitations in both the quantity and quality of the interactions that the claimant may engage in in a work setting." (*Id.*)

Plaintiff contends the ALJ committed legal error by rejecting the limitations articulated by Drs. Sullivan and Boyd. Plaintiff argues that because the term "superficial" is widely recognized as a qualitative limitation, the ALJ's basis for rejecting the term was "disingenuous."[3] (Pl. Br. at 11.) Plaintiff implies that by rejecting the doctors' formulation of limitations, the ALJ conflated the quality and quantity limitations necessary for Plaintiff's interactions. Plaintiff first cites to several cases that stand for the proposition that "superficial" bears on the quality of time, while "occasional" relates to quantity. (*See* Pl. Br. at 7–9 (citing cases).) The Commissioner does not dispute this interpretation, (*see* Def.'s Br. at 5–6), and the ALJ's decision

---

[3] The ALJ concluded the identified terms were "not vocationally defined" and "ha[d] no vocational meaning under Social Security regulations." (Admin. R. at 528.) He did not, as Plaintiff contends, find the terms "ha[d] no vocational relevance." (Pl. Br. at 11.)

8

recognized that the "imprecise" terms related to "both the quantity and quality of interactions," (Admin. R. at 528). Nothing in the record supports the conclusion that the ALJ impermissibly conflated the terms "superficial" and "occasional," as Plaintiff suggests he did. (*See* Pl. Br. at 9.)

Instead, the Commissioner counters that the ALJ "use[d] specific terms that better define Plaintiff's limitations and abilities in a work setting." (Def.'s Br. at 7.) I agree.

The ALJ limited Plaintiff to "occasional interactions with co-workers and supervisor, where the individual's primary job is taking instructions from supervisors and performing tasks consistent with those instructions." (Admin. R. at 528); *cf. Charles A. C. v. Bisignano*, CV 25-746 (JWB/DTS), 2025 WL 2838959, at *2 (D. Minn. Oct. 7, 2025) (dismissing complaint on nearly identical RFC limitation where "psychologists did not explain what they meant by 'brief and superficial' in a way that is clearly at odds with the ALJ's findings"). This limitation includes both quantity—"occasional"—and quality, namely that the interactions should be limited to "taking instructions from supervisors." There is no requirement for Plaintiff to engage further, beyond performing the tasks instructed. Receipt of instructions is consistent with a superficial interaction.

The ALJ also limited Plaintiff to "no work around crowds of people where the primary tasks of the job would not involve direct communication

9

with the public, such as in customer service and cashiering positions." (Admin. R. at 528.) These limitations are not incongruous with the opinions of Drs. Sullivan and Boyd.

The ALJ's decision is also supported by substantial evidence on the record as a whole. Plaintiff specifically identified "be[ing] in crowds" as a challenge. (Admin. R. at 263; *see also id.* at 559.) His mental status examinations usually showed Plaintiff was well-groomed, had normal speech, an appropriate affect, a cooperative attitude, a normal mood, a good insight, and intact thought process, attention span, concentration, and judgment. (*See id.* at 331, 337, 343, 355, 367, 440, 446, 452, 497, 503.) Plaintiff's mood was sometimes noted as depressed or anxious, (*id.* at 331, 337, 343, 355, 503), or irritable, (*id.* at 446), and he sometimes had a flat, worrisome, or blunted affect, (*id.* at 343, 446, 503, 992). A January 2022 note indicated Plaintiff had a monotone affect. (*Id.* at 991–92.) The ALJ also explained he did not find the opinion of psychiatric nurse practitioner Jenny Bliss to be persuasive because Plaintiff's symptoms showed improvement over time. (*Id.* at 529 (citing *id.* at 327–75, 509–11).) Additionally, the ALJ noted Plaintiff "ceased treatment in 1/2022 for no clear reason, [] has not returned to see a provider," and has "chosen to stop taking medications" despite improved symptoms. (*Id.* at 529.) This record evidence, and more, supports the limitations the ALJ imposed in his RFC.

The only other authority Plaintiff presents in support of his argument is Social Security Ruling 24-3p. (Pl. Br. at 11.) Under this Ruling, he argues, the ALJ exceeded his authority in determining "superficial" was not vocationally relevant. (*See id.* at 11–13.) That ruling permits VEs to rely on the Dictionary of Occupational titles and to "provide evidence based on their professional experience and any reliable source of occupational information that is commonly used in the vocational profession and relevant under [SSA] rules." SSR 24-3p, 2024 WL 4988840, at * 97160 (Dec. 6, 2024). In light of this ruling, Plaintiff argues, the VE—not the ALJ—should have been the one to decide whether a term was vocationally relevant. (Pl. Br. at 12–13.) To be sure, "'[s]uperficial" is not a defined term in the Social Security regulations or other sources (e.g., the Dictionary of Occupational Titles, Social Security Rulings, and the HALLEX manual)." *Jennifer L. v. Comm'r of the Soc. Sec. Admin.*, 23-CV-1822 (KMM/TNL), 2024 WL 4003021, at *3 (D. Minn. Aug. 30, 2024). But SSR 24-3p didn't take effect until January 6, 2025—several months after the ALJ issued his decision—so it does not apply here. SSR 24-3p, 2024 WL 4988840, at *97158 (Dec. 6, 2024). Indeed, SSR 24-3p expressly states: "We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions." *Id.* at 97159 n.1; *see also P. v. Bisignano*, 25-CV-1078 (SGE), 2026 WL 539182, at *4 n.10

11

(D. Minn. Feb. 26, 2026).  Because SSR 24-p3 was not in effect when the ALJ issued his decision, Plaintiff's arguments under that rule are inapposite.

## IV.    <u>Conclusion</u>

Based on the above, and on the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that

1.  Plaintiff's request for relief (Dkt. No. 12) is DENIED;

2.  Defendant's motion and brief (Dkt. Nos. 15, 16) are GRANTED; and

3.  The Complaint (Dkt. No. 1) is DISMISSED with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 31, 2026

*s/ Elsa M. Bullard*
ELSA M. BULLARD
United States Magistrate Judge

12